LEONARDO M. RAPADAS
United States Attorney
RYAN M. ANDERSON
Special Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
JUL 0 3 2008
JEANNE G. QUINATA
Clerk of Court

FILED
DISTRICT COURT OF GUAM
JUN 2 3 2008
JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 08-00024 |
| Plaintiff. | |
| vs. | AMENDED **PLEA AGREEMENT** |
| JENNIFER M. AGBANLOG, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, JENNIFER M. AGBANLOG, enter into the following plea agreement:

1. The defendant, JENNIFER M. AGBANLOG, agrees to plead guilty to Count I of the Information charging her with Driving Under the Influence of Alcohol, in violation of Title 16, Guam Code Annotated, Section 18102(b), as assimilated by Title 18, United States Code, Sections 7(3) & 13. Count II and Count III of the information will be dismissed after sentencing.

2. The defendant, JENNIFER M. AGBANLOG, represents that she has not, prior to the commission of the offense to which she entered a plea of guilty, been convicted of violating a Federal or State law relating to driving a motor vehicle while under the influence of alcohol or drugs.

1

ORIGINAL

Case 1:08-cr-00024   Document 16   Filed 07/03/2008   Page 1 of 7

3. The defendant understands that the <u>maximum</u> sentence for a first violation of 16 G.C.A. §18102(b), a misdemeanor, shall be imprisonment for not less than a mandatory forty-eight (48) hours and not more than one (1) year and a fine of not less than One Thousand Dollars ($1,000) and not more than Five Thousand Dollars ($5,000). Additional penalties, including requiring the offender to pay restitution to persons injured or for property damaged, may be imposed. The Court may order that any person punished under 16 G.C.A. §18102(b), who is to be punished by imprisonment, be imprisoned on days other than days of regular employment of the person, as determined by the Court. The ~~Court shall suspend and confiscate the person's operator's or chauffour's license or permit and shall notify the proper licensing or permitting authorities that the privilege to operate a motor vehicle of a person punished under 16 G.C.A. §18102(b) has been~~ Defendant's privilege to operate a motor vehicle on land reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof shall be suspended for six (6) months, with the exception for occupational driving privileges. Any sentence of incarceration may include a term of supervised release of not more than one year as set forth in 18 U.S.C. § 3583(b)(3). If the Court revokes a sentence of supervised release, the Court may incarcerate the defendant up to an additional term of not more than one year. The defendant also understands that he will be subject to a $25 special assessment fee, as set forth in 18 U.S.C. § 3013. The $25 special assessment fee must be paid upon sentencing. The government will recommend that defendant receive the low end of the sentencing guidelines, a fine, and credit for time served, if any.

4. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

5. The defendant understands that to establish the violation of Driving Under the Influence of Alcohol, in violation of Title 16, Guam Code Annotated, Section 18102(b), as assimilated by Title 18, United States Code, Sections 7(3) & 13, the United States must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant operated or was in physical control of a motor vehicle;

2

Second, that while the defendant operated or was in physical control of a motor vehicle, she had 0.08% or more, by weight, of alcohol in her blood; and

Third, that the offense occurred on land acquired for the use of the United States and under the concurrent jurisdiction thereof.

6. The defendant understands that the Sentencing Guidelines are advisory only. The Court may still utilize the sentencing guidelines as an aid to determine the sentence to be imposed. The government and the defendant stipulate to the following facts for purposes of the sentencing:

   a. The defendant was born in 1986 and is a citizen of the United States; and

   b. That on or about 16 March 2008, in the District of Guam, the defendant, JENNIFER AGBANLOG, at U.S. Naval Base Guam, on land acquired for the use of the United States and under the concurrent jurisdiction thereof, did operate or was in physical control of a motor vehicle while she had 0.08% or more, by weight, of alcohol in her blood. That when the defendant, JENNIFER AGBANLOG, was administered a breathalyzer test, her sample registered a blood alcohol content, by weight, of 0.169%.

7. The United States and the defendant, JENNIFER M. AGBANLOG, agree to recommend the following:

   a. That the defendant participate in and successfully complete an alcohol or drug education program, or both of these programs as designated by the Court;

   b. That the defendant be referred to a qualified substance abuse counselor for an assessment of the person's alcohol dependence and need for treatment;

   c. That the counselor submit a report with recommendations to the Court, which may require the person to obtain appropriate treatment; and

   d. That all costs for such assessment or treatment or both be borne by the defendant;

8. The parties understand and agree that it is the Court's duty to impose sentence upon the defendant, and that any sentence either stipulated to or recommended herein is not binding on the Court.

9. The defendant agrees to waive any right to appeal or to collaterally attack her conviction. The defendant reserves the right to appeal the sentence actually imposed in her case.

10. The defendant acknowledges that he has been advised of her rights as set forth below prior to entering into the plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. Her right to be represented by an attorney;

    c. Her right to plead not guilty and the right she may have to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

    d. That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into the plea agreement, she waives, that is, gives up, the right to a trial;

    e. That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in a prosecution for perjury or false statement if an answer is untrue;

    f. That she agrees that her plea agreement is voluntary and not a result of any force, threats or promises apart from her plea agreement;

    g. That she reads, writes and speaks the English language and has no need for an interpreter;

    h. That she has read the plea agreement and understands it; and

4

1 | i. That the Defendant is satisfied with the representation of her lawyer and feels that her
2 | lawyer has done everything possible for her defense.

```
6/19/08
DATE

/s/ JENNIFER M. AGBANLOG
Defendant


6/19/08
DATE

/s/ RICHARD ARENS
Attorney for Defendant


LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI


6/20/08                 By:   /s/ RYAN M. ANDERSON
DATE                          RYAN M. ANDERSON
                              Special Assistant U.S. Attorney


6/20/08
DATE
                              /s/ JEFFREY J. STRAND
                              JEFFREY J. STRAND
                              First Assistant U.S. Attorney
```

5

the driving suspension with occupational privileges only applies while the Defendant is on United States property (*i.e.*, on base or other federal property and not the entire island). Finally, the sentence states that the court shall "confiscate" the license, but that is not what actually occurs. A suggest the sentence be modified as follows:

> The ~~Court shall suspend and confiscate the person's operator's or chauffeur's license or permit and shall notify the proper licensing or permitting authorities~~ ~~that~~ the *Defendant's* privilege to operate a motor vehicle *on land reserved or acquired for the use of the Untied States and under the exclusive or concurrent jurisdiction thereof shall be* ~~of a person punished under 16 G.C.A. § 1802(b) has been~~ suspended for six (6) months, *with the exception for occupational driving privileges.*

The essential elements of the offenses are set forth in ¶5 on pages 2-3.

The essential facts which form the basis for the offense are set forth in ¶6(b) on page 3.

Pursuant to ¶9, the Defendant agrees to waiver her right to appeal or collaterally attack the conviction but reserves her right to appeal the sentence imposed.

8 the court

3. The defendant understands that the <u>maximum</u> sentence for a first violation of 16 G.C.A. §18102(b), a misdemeanor, shall be imprisonment for not less than a mandatory forty-eight (48) hours and not more than one (1) year and a fine of not less than One Thousand Dollars ($1,000) and not more than Five Thousand Dollars ($5,000). Additional penalties, including requiring the offender to pay restitution to persons injured or for property damaged, may be imposed. The Court may order that any person punished under 16 G.C.A. §18102(b), who is to be punished by imprisonment, be imprisoned on days other than days of regular employment of the person, as determined by the Court. The Court shall suspend and confiscate the person's operator's or chauffeur's license or permit and shall notify the proper licensing or permitting authorities that the privilege to operate a motor vehicle of a person punished under 16 G.C.A. §18102(b) has been suspended for six (6) months. Any sentence of incarceration may include a term of supervised release of not more than one year as set forth in 18 U.S.C. § 3583(b)(3). If the Court revokes a sentence of supervised release, the Court may incarcerate the defendant up to an additional term of not more than one year. The defendant also understands that he will be subject to a $25 special assessment fee, as set forth in 18 U.S.C. § 3013. The $25 special assessment fee must be paid upon sentencing. The government will recommend that defendant receive the low end of the sentencing guidelines, a fine, and credit for time served, if any.

4. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

5. The defendant understands that to establish the violation of Driving Under the Influence of Alcohol, in violation of Title 16, Guam Code Annotated, Section 18102(b), as assimilated by Title 18, United States Code, Sections 7(3) & 13, the United States must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant operated or was in physical control of a motor vehicle;

2